UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

In re:                                      Chapter 12
Brent A. Riessen                            Bankruptcy No. 10-03433 S

MEMORANDUM DECISION
VALUATION

The matter before the court is the valuation of property securing Brent

Riessen's debt to Bank Iowa. Hearing was held on July 26, 2011 in Sioux City.

Donald H. Molstad appeared as attorney for Brent A. Riessen, the debtor. A. Frank

Baron appeared as attorney for Bank Iowa. This is a core proceeding under 28

U.S.C. § 157(b)(2)(K).

Riessen filed his chapter 12 petition on December 29, 2010. He lives on a

farm acreage in Ida County. Riessen has off-farm employment and has not farmed

since 2008. He had been involved in a farrow-to-finish swine operation. A PRRS

disease outbreak in his herd forced him to liquidate all livestock. He custom fed pigs

for his brother only briefly in 2008. This chapter 12 case was filed as an effort by

Riessen to save his homestead. He filed his pending plan on March 11, 2011 (doc.

7). In it he proposes the following treatment of Bank Iowa:

> 6.   SECURED CLAIM OF BANK IOWA: Bank Iowa has a
> mortgage on debtor's home and farm real estate, a security interest in
> farm equipment and machinery. The debtor proposes to pay Bank Iowa
> $86,000 for his homestead and farm real estate amortized over 20 years
> with interest at 5 3/4 %; monthly payments of $603.79. Said payments
> shall be made directly to the creditor outside the plan.

The debtor intends to file a Motion to Avoid Liens on the farm equipment and machinery.

Doc. 7, Plan, p. 2.

Riessen has claimed as exempt his homestead acreage and some, but not all, of his farm machinery and equipment (doc. 7, exhibit A).

Bank Iowa objects to the plan on several grounds including that its equipment collateral is worth in excess of the Iowa exemption limit of $10,000.00 for farm implements and equipment and that the acreage is worth far more than the debtor's plan valuation (doc. 10, ¶¶ 3, 4). At the initial hearing on confirmation of the plan, the parties requested that the court hold a hearing to determine, for the purpose of plan confirmation, the value of debtor's acreage and his farming implements and equipment.

The acreage is located at 2449 Brady Avenue, near Battle Creek, Iowa. It contains approximately 9.27 acres divided almost equally into two parcels located on the east and west sides of County Road L51. On the property are an older two-story house, a garage, a machine shed, four grain bins, a farrowing unit, a gestation unit, a finishing unit, four hoop buildings, and several older sheds. Exhibit A, Fara Appraisal, p.9.

Debtor's expert appraiser, James J. McGuire of Holstein, Iowa, testified that in his opinion the property, which he appraised in June, 2011, has a fair market value

2

of $120,000.00. His letter appraisal was admitted as exhibit 1. McGuire has many years of experience as an appraiser, auctioneer, and real estate broker. Although knowledgeable regarding the cost, income, and sales comparison approaches, he essentially applied none of them, but issued his opinion based on his belief as to the acreage's fair market value. He was particularly concerned about the poor condition of the farrowing and gestation buildings, and the obsolescence of farrow-to-finish swine operations. Also of concern to McGuire was the state of the swine production business, the small size of the site, and the poor condition of most of the structures. He appeared to rate four grain bins, a machine shed and a hog finishing building as the best structures at the acreage.

Alan D. Fara testified as an expert appraiser for Bank Iowa. He is a real estate appraiser and realtor. His office is in Dunlap, Iowa. Fara applied all three approaches, but settled on the income approach, giving only supportive weight to the cost approach and no weight to the sales comparison approach. Based on the income approach he gave his opinion that as of April 2011, the acreage had a value of $295,000.00. Exhibit A.

Fara, like McGuire, was concerned about the poor condition of many of the structures, the obsolescence of the small farrow-to-finish swine production operation, and the cost of returning the farrowing and gestation buildings to use. In

applying the income approach to value, Fara gave no consideration to the farrowing

and gestation buildings.

The court will basically rely on Fara's estimation of value based on the

income approach, but with one major change, and that is the income derived from

feeding swine in the hoop buildings. Fara attributes $48,000 per year in income

based on 1,100 pig spaces at $22.00 per pig rental at two rental cycles per year.

Based on all the testimony I will disregard this income. The hoop barns are steel

framed, plastic covered structures set in concrete. They have no heat. Any heat for

swine during the winter would be produced by the animals, and perhaps by bedding.

According to Fara, hoop buildings as hog feeding sites are not highly sought after by

investors. The use of them is labor intensive both as to changing the bedding and

disposing of manure.

After removing the hoop building income from Fara's calculation, as shown

on page 55 of his appraisal (exhibit A), the annual income for the most usable

structures on the acreage is calculated as follows:

| | |
|---|---|
| 600 pig spaces x $32.00 x 2.0 turns/year | $38,400.00 |
| machine shed rent x $.20/sq. ft./year | 610.00 |
| grain storage rent, 31,000 bu. @ $.135/bu. | 4,185.00 |
| 2 acres of cropland @ $200/acre | 400.00 |
| house rent @ $200 per month | 2,400.00 |
| | |
| Total income | $45,995.00 |

4

I rely on Fara's income estimate for the grain bins at 13.5 cents per bushel per year

rather than the 10 cents per bushel figure which Riessen says he is currently

receiving.

As to annual expenses, I accept Fara's figures, but will reduce those that

appear to be variable expenses–maintenance, manure application, labor, and

utilities. The expenses estimated by Fara will be reduced to 35% of his estimate,

based on a reduction of the number of swine from 1,700 to 600. Annual expenses

will be estimated as follows:

| | |
|---|---|
| taxes | $1,614.00 |
| insurance | 1,250.00 |
| utilities | 2,310.00 |
| labor | 5,250.00 |
| manure application | 2,625.00 |
| maintenance | 875.00 |
| Total expenses | $13,924.00 |

The annual net operating income is revised to $32,071 based on the

elimination of the hoop barns for purposes of the income approach. Although there

was some evidence they might have income value for storage, there was no evidence

of what that might be.

Applying Fara's use of a 20% capitalization rate to the net operating income, I

find the revised estimate of value of the real estate is $160,355. I find that this is the

value of the acreage for purposes of plan confirmation.

The parties had asked the court to determine values of personalty. At the

outset of the hearing, they informed the court that they had reached a stipulation on

such values. The court accepted the stipulation which was as follows:

| | |
|---|---:|
| Case International 5240 tractor | $27,250.00 |
| International 5088 tractor | 12,000.00 |
| Westendorf loader | 3,750.00 |
| hog cart | 425.00 |
| Friesen bulk bin | 2,250.00 |
| four three-ton bulk bins | 2,500.00 |
| Brandt grain auger | 2,625.50 |
| two LP tanks | 1,500.00 |
| John Deere lawn mower | 325.00 |
| Mig welder | 300.00 |
| propane torch | 137.50 |
| power washer | 200.00 |
| | |
| Total | $ 53,263.00 |

IT IS ORDERED that the fair market value of Riessen's farm real estate, for

purposes of plan confirmation issues, is $160,355.

IT IS FURTHER ORDERED that the stipulation of the parties as set out in

this memorandum decision is accepted by the court and will apply for purposes of

plan confirmation issues in this case.

Dated and Entered:  July 29, 2011

William L. Edmonds, Bankruptcy Judge